# Supreme Court of Florida

_____

No. SC19-1818
_____

## IN RE: AMENDMENTS TO THE FLORIDA RULES OF JUVENILE PROCEDURE—2019 FAST-TRACK REPORT.

November 27, 2019
**<u>CORRECTED OPINION</u>**

PER CURIAM.

The Florida Bar's Juvenile Court Rules Committee (Committee) has filed a

"fast-track" out-of-cycle report proposing amendments to the Florida Rules of

Juvenile Procedure in response to recent legislation. *See* Fla. R. Jud. Admin.

2.140(e)(1). We have jurisdiction[1] and adopt the amendments as proposed.

The Committee proposes amendments to the following rules and forms:

rules 8.240 (Computation, Continuance, Extension, and Enlargement of Time);

8.305 (Shelter Petition, Hearing, and Order); 8.332 (Order Finding Dependency);

8.345 (Post-Disposition Relief); 8.350 (Placement of Child into Residential

Treatment Center After Adjudication of Dependency); 8.355 (Administration of

---

1. *See* art. V, § 2(a), Fla. Const.

Psychotropic Medication to a Child in Shelter Care or in Foster Care When Parental Consent Has Not Been Obtained); 8.400 (Case Plan Development); 8.415 (Judicial Review of Dependency Cases); 8.430 (Modification of Permanency Order); 8.525 (Adjudicatory Hearings); and forms 8.961 (Shelter Order); 8.965 (Arraignment Order); 8.966 (Adjudication Order—Dependency); 8.970 (Order on Judicial Review); 8.973A (Order on Judicial Review for Child Age 17 or Older); 8.973B (Order on Judicial Review); 8.973C (Order on Judicial Review for Young Adults in Extended Foster Care); 8.975 (Dependency Order Withholding Adjudication); 8.983 (Order Involuntarily Terminating Parental Rights); and 8.984 (Order Terminating Parental Rights (Voluntary)).  The amendments implement changes to chapter 39, Florida Statutes, made by chapters 2019-142 and 2019-128, Laws of Florida, which became effective July 1, 2019, and October 1, 2019, respectively.[2]

The Executive Committee of the Board of Governors of The Florida Bar unanimously approved the Committee's proposals.  The Committee did not publish the proposals before filing them with the Court.  After considering the

---

2. *See* ch. 2019-142, §§ 5-6, 9-10, Laws of Fla. (amending §§ 39.402(8)(h), 39.407(3)(d)1., 39.407(6)(g)2., 39.6251(2)(e), 39.6251(6), 39.701(2)(d), and 39.701(4), Fla. Stat., effective July 1, 2019); ch. 2019-128, §§ 1-4, 6-7, 10, 12, Laws of Fla. (amending §§ 39.001(3), 39.0136, 39.402(18), 39.507(7)(c), 39.522(1), 39.6011(2)(e), 39.6011(4), 39.621(10)(a), and 39.811(5), Fla. Stat., effective Oct. 1, 2019).

Committee's proposals and the relevant legislation, we amend the Florida Rules of Juvenile Procedure as proposed by the Committee. The more significant amendments are discussed below.

Subdivision (b) (Shelter Hearing) of rule 8.305 (Shelter Petition, Hearing, and Order) is amended to add language requiring the court to advise parents in plain language what is expected of them to achieve reunification with their child. New subdivisions (b)(11)(A)-(D) are added to include three new advisements that the court must tell the parent at the shelter hearing. *See* ch. 2019-128, § 3, Laws of Fla. (amending § 39.402(18), Fla. Stat. (2018)). Similarly, subdivision (d) (Failure to Substantially Comply) of rule 8.332 (Order Finding Dependency) is amended to add new subdivisions (d)(1)-(4) to include three new advisements that the court must tell the parent if the court adjudicates a child dependent and the child is in out-of-home care. *See* ch. 2019-128, § 4, Laws of Fla. (amending § 39.507(7)(c), Fla. Stat. (2018)).

Subdivision (b) (Continuing Residential Placement Reviews) of rule 8.350 (Placement of Child into Residential Treatment Center After Adjudication of Dependency) is amended to change the timeframe for the court's review of the child's residential treatment from no later than three months to no later than sixty days after the child's admission. *See* ch. 2019-142, § 6, Laws of Fla. (amending § 39.407(6)(g)2., Fla. Stat. (2018)).

Subdivision (b) (Contents) of rule 8.400 (Case Plan Development) is amended to add a phrase regarding the parent's responsibility to comply with the case plan no later than one year after removal or adjudication of the child and to notify the parties of barriers to completing the case plan. *See* ch. 2019-128, § 7, Laws of Fla. (amending § 39.6011(2)(e), Fla. Stat. (2018), and enacting § 39.6011(4), Fla. Stat. (2019)). Additionally, new subdivision (d)(3) is added to explain the department's responsibility to explain the provision of the case plan to all persons involved, provide the contact information for all entities, explain strategies to overcome barriers to completing the case plan, and advise the parent that he or she should notify the parties of barriers in achieving the case plan within a reasonable time. *See id.* The subsequent paragraphs of subdivision (d) are renumbered accordingly.

Existing subdivision (f)(6) of rule 8.415 (Judicial Review of Dependency Cases) is renumbered to (f)(7) to accommodate new subdivision (f)(6). New subdivision (f)(6) is added to require that when the court determines at a judicial review hearing that a child is placed out of home, the judicial review order must state that the department has placement and care responsibility for the child. *See* ch. 2019-142, § 10, Laws of Fla. (amending § 39.701(2)(d), Fla. Stat. (2018), and enacting § 39.701(4)(f)-(g), Fla. Stat. (2019)). New subdivision (f)(8) is also added and states that when a young adult is in extended foster care, each judicial

review order must state that the department has placement and care responsibility for the young adult. New subdivision (f)(8) also states that when a young adult is in extended foster care, the court shall find whether the department has made reasonable efforts to finalize the permanency plan. *See id.* Lastly, new subdivision (g)(5) is added and states that when a young adult voluntarily leaves extended foster care, an order regarding placement of the young adult must be entered within 180 days of the voluntary placement agreement. *See id.*

Accordingly, the Florida Rules of Juvenile Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall take effect immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have seventy-five days from the date of this opinion in which to file comments with the Court.[3]

---

3. All comments must be filed with the Court on or before February 10, 2020, with a certificate of service verifying that a copy has been served on the Committee Chair, Linda McGrady Berman, Office of the State Attorney, 17th Judicial Circuit, 201 SE 6th Street, Suite 08140, Fort Lauderdale, Florida 33301-3303, lberman@sao17.state.fl.us, and on the Bar Staff Liaison to the Committee, Mikalla Andies Davis, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, mdavis@floridabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until March 2, 2020, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, LAGOA, and MUÑIZ, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Juvenile Procedure

Linda McGrady Berman, Chair, Florida Rules of Juvenile Procedure, Fort Lauderdale, Florida; and Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, Staff Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

---

Florida Courts E-Filing Portal (Portal) in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Comments filed via the Portal must be submitted in Microsoft Word 97 or higher. *See In re Electronic Filing in the Florida Supreme Court*, Fla. Admin. Order No. AOSC17-27 (May 9, 2017). Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

# APPENDIX

**RULE 8.240.     COMPUTATION, CONTINUANCE, EXTENSION, AND ENLARGEMENT OF TIME**

**(a)-(c)     [No Changes]**

**(d)     Continuances and Extensions of Time.**

(1)-(4)     [No Changes]

(5)     Notwithstanding subdivision (4), proceedings may not be continued or extended for more than a total of 60 days ~~for all parties~~ within any 12-month period. A continuance or extension of time standards beyond 60 days in any 12-month period may be granted only on a finding by the court of extraordinary circumstances and that the continuance or extension of time standards is necessary to preserve the constitutional rights of a party or that there is substantial evidence demonstrating that the child's best interests will be affirmatively harmed without the granting of a continuance or extension of time.

**RULE 8.305.     SHELTER PETITION, HEARING, AND ORDER**

**(a)     [No Changes]**

**(b)     Shelter Hearing.**

(1)-(10)     [No Changes]

(11)     The court shall advise the parents in plain language what is expected of them to achieve reunification with their child, including that:

(A)     parents must take action to comply with the case plan so permanency with the child may occur within the shortest period of time possible, but no later than 1 year after removal or adjudication of the child;

(B)     parents must stay in contact with their attorney and their case manager and provide updated contact information if the parents' phone number, address, or e-mail address changes;

(C)    parents must notify the parties and the court of barriers to completing case plan tasks within a reasonable time after discovering such barriers; and

(D)    if the parents fail to substantially comply with the case plan their parental rights may be terminated and the child's out-of-home placement may become permanent.

(12)-(15)    [No Changes]

**(c)    Shelter Order.** An order granting shelter care must identify the parties present at the hearing and contain written findings that:

(1)-(7)    [No Changes]

(8)    the court notified the parents, relatives who are providing out-of-home care for the child, or legal custodians of the time, date, and location of the next dependency hearing, and of the importance of their active participation in all subsequent proceedings and hearings; and

(9)    the court notified the parents or legal custodians of their right to counsel as provided by law.;

(10)    the court notified relatives who are providing out-of-home care for a child, as a result of the shelter petition being granted, that they have the right to attend all subsequent hearings, to submit reports to the court, and to speak to the court regarding the child, if they so desire; and

(11)    the department has placement and care responsibility for any child who is not placed in the care of a parent at the conclusion of the shelter hearing.

**(d)    [No Changes]**

**RULE 8.332.    ORDER FINDING DEPENDENCY**

**(a)-(c)    [No Changes]**

**(d)    Failure to Substantially Comply.** The court must advise the parents in plain language that,:

(1)     parents must take action to comply with the case plan so permanency with the child may occur within the shortest period of time possible, but no later than 1 year after removal or adjudication of the child;

(2)     parents must stay in contact with their attorney and their case manager and provide updated contact information if the parents' phone number, address, or e-mail address changes;

(3)     parents must notify the parties and the court of barriers to completing case plan tasks within a reasonable time after discovering such barriers; and

(4)     if the parents fail to substantially comply with the case plan, their parental rights may be terminated and the child's out-of-home placement may become permanent.

**(e)     [No Changes]**

**RULE 8.345.          POST-DISPOSITION RELIEF**

**(a)     Motion for Modification of Placement.** At any time before a child is residing in the permanent placement approved at the permanency hearing, Aa child who has been placed in his or her own home, in the home of a relative, or in some other place, under the supervision or legal custody of the department, may be brought before the court by the department or any interested person on a motion for modification of placement. If neither the department, the child, the parents, the legal custodian, nor any appointed guardian ad litem or attorney ad litem object to the change, then the court may enter an order making the change in placement without a hearing. If the department, the child, the parents, the legal custodian, or any appointed guardian ad litem or attorney ad litem object to the change of placement, the court shall conduct a hearing and thereafter enter an order changing the placement, modifying the conditions of placement, continuing placement as previously ordered, or placing the child with the department or a licensed child-caring agency.

(1)-(2)          [No Changes]

**(b)     [No Changes]**

**RULE 8.350.** **PLACEMENT OF CHILD INTO RESIDENTIAL TREATMENT CENTER AFTER ADJUDICATION OF DEPENDENCY**

**(a)** **[No Changes]**

**(b)** **Continuing Residential Placement Reviews.**

(1) The court shall conduct a hearing to review the status of the child's residential treatment plan no later than ~~3 months~~60 days after the child's admission to the residential treatment program. An independent review of the child's progress toward achieving the goals and objectives of the treatment plan must be completed by a qualified evaluator and submitted to the court, the child's attorney, and all parties in writing at least 72 hours before the ~~3-month~~60-day review hearing.

(2)-(3) [No Changes]

**(c)-(d)** **[No Changes]**

**RULE 8.355.** **ADMINISTRATION OF PSYCHOTROPIC MEDICATION TO A CHILD IN SHELTER CARE OR IN FOSTER CARE WHEN PARENTAL CONSENT HAS NOT BEEN OBTAINED**

**(a)** **Motion for Court Authorization for Administration of Psychotropic Medications.**

(1) Whenever the department believes that a child in its physical or legal custody requires the administration of a psychotropic medication, and the child's parents or legal guardians have not provided express and informed consent as provided by law, the department or its agent shall file a motion with the court to authorize the administration of the psychotropic medication before the administration of the medication, except as provided in subdivision (c) of this rule. In all cases in which a motion is required, the motion shall include the following information:

(A) ~~T~~the written report of the department describing the efforts made to enable the prescribing physician or psychiatric nurse to obtain express and informed consent for providing the medication to the child and describing other treatments considered or recommended for the child;

(B)　Tthe prescribing physician's or psychiatric nurse's signed medical report, as required by law; and

(C)　Wwhether the prescribing physician or psychiatric nurse has obtained the child's assent to take the medication.

(2)-(4)　[No Changes]

**(b)　Court Action on Department's Motion for Administration of Psychotropic Medication.**

(1)　[No Changes]

(2)　If the child does not assent to the medication or any party timely files its objection to the proposed administration of the psychotropic medication to the child, the court shall hold a hearing as soon as possible on the department's motion.

(A)　At such hearing, the medical report of the prescribing physician or psychiatric nurse is admissible in evidence.

(B)　At such hearing, the court shall ask the department whether additional medical, mental health, behavioral, counseling, or other services are being provided to the child that the prescribing physician or psychiatric nurse considers to be necessary or beneficial in treating the child's medical condition, and which the physician or psychiatric nurse recommends or expects to be provided to the child with the medication.

(C)-(D)　[No Changes]

**(c)　Emergency Situations.**

**(1)　[No Changes]**

**(2)　When Delay Would Cause Significant Harm.** Whenever the department believes, based on the certification of the prescribing physician or psychiatric nurse, that delay in providing the prescribed psychotropic medication to the child would, more likely than not, cause significant harm to the child, the department must submit a motion to the court seeking continuation of the medication within 3 working days after the department begins providing the medication to the child.

(A)-(C)      [No Changes]

**(3)      [No Changes]**

**RULE 8.400.      CASE PLAN DEVELOPMENT**

**(a)    [No Changes]**

**(b)    Contents.** The case plan must be written simply and clearly in English and the principal language of the parents, if possible.  Each case plan must contain:

(1)-(4)      [No Changes]

(5)    a written notice to the parent that it is the parent's responsibility to take action to comply with the case plan so permanency with the child may occur within the shortest period of time possible, but no later than 1 year after removal or adjudication of the child; the parent must notify the parties and the court of barriers to completing case plan tasks within a reasonable time after discovering such barriers if the parties are not actively working to overcome them; failure of the parent to substantially comply with the case plan may result in the termination of parental rights, and that a material breach of the case plan by the parent's action or inaction may result in the filing of a petition for termination of parental rights sooner than the expiration of the compliance period; and

(6)    [No Changes]

**(c)    [No Changes]**

**(d)    Department Responsibility.**

(1)-(2)      [No Changes]

(3)    Before signing the case plan, the department must explain the provisions of the plan to all persons involved in its implementation, including, when appropriate, the child. The department shall ensure that the parent has contact information for all entities necessary to complete the tasks in the plan. The department must explain the strategies included in the plan which the parent can use to overcome barriers to case plan compliance and shall explain that if a barrier is discovered and the parties are not actively working to overcome such barrier, the parent must notify the parties and the court within a reasonable time after discovering such barrier.

(4)  After the case plan has been developed, and before acceptance by the court, the department shall make the appropriate referrals for services that will allow the parents to begin the agreed-upon tasks and services immediately if the parents agree to begin compliance.

(45)  The department must immediately give the parties, including the child if appropriate, a signed copy of the agreed-upon case plan.

(56)  The department must prepare, but need not submit to the court, a case plan for a child who will be in care no longer than 30 days unless that child is placed in out of home care a second time within a 12-month period.

(67)  The department must prepare a case plan for a child in out of home care within 60 days after the department removes the child from the home and shall submit the plan to the court before the disposition hearing for the court to review and approve.

(78)  Not less than 3 business days before the disposition or case plan review hearing, the department must file a case plan with the court.

(89)  After jurisdiction attaches, the department shall file with the court all case plans, including all case plans prepared before jurisdiction of the court attached. The department shall provide a copy of the case plans filed to all the parties whose whereabouts are known, not less than 3 business days before the disposition or case plan review hearing.

(910)  The department must attach a copy of the child's transition plan, if applicable, to the case plan.

**(e)-(f)**     **[No Changes]**

**RULE 8.415.     JUDICIAL REVIEW OF DEPENDENCY CASES**

**(a)-(d)**     **[No Changes]**

**(e)     Information Available to Court.** At the judicial review hearing, the court may receive any relevant and material evidence pertinent to the cause. This must include written reports required by law and may include, but must not be limited to, any psychiatric or psychological evaluations of the child or parent, caregiver, or legal custodian that may be obtained and that are material and relevant. This evidence may be received by the court and relied on to the extent of

its probative value, even though it may not be competent in an adjudicatory hearing.

**(f)** **Court Action.**

(1)    [No Changes]

(2)    If the court ~~finds that the parents have substantially complied with the case plan~~determines that the circumstances that caused the out-of-home placement, and any issues subsequently identified, have been remedied to the extent that returning the child to the home with an in-home safety plan prepared or approved by the department will not be detrimental to the child's safety, well-being, and physical, mental, and emotional health, the court must return the child to the custody of the parents ~~if the court is satisfied that reunification will not be detrimental to the child's safety, well-being, or physical, mental, or emotional health~~.

(3)-(5)    [No Changes]

(6)    If, at any judicial review, the court determines that the child shall remain in out-of-home care in a placement other than with a parent, the court shall order that the department has placement and care responsibility for the child.

(7)    The court must enter a written order on the conclusion of the review hearing including a statement of the facts, those findings it was directed to determine by law, a determination of the future course of the proceedings, and the date, time, and place of the next hearing.

(8)    When a young adult is in extended foster care, each judicial review order shall provide that the department has placement and care responsibility for the young adult. When a young adult is in extended foster care, the court shall enter an order at least every 12 months that includes a finding of whether the department has made reasonable efforts to finalize the permanency plan currently in effect.

**(g)** **Jurisdiction.**

(1)-(4)    [No Changes]

(5)    If the young adult elects to voluntarily leave extended foster care for the sole purpose of ending a removal episode and immediately thereafter

executes a voluntary placement agreement with the department to reenroll in extended foster care, the court shall enter an order finding that the prior removal episode has ended. Under these circumstances, the court maintains jurisdiction and a petition to reinstate jurisdiction as provided by law is not required. When a young adult enters extended foster care by executing a voluntary placement agreement, the court shall enter an order within 180 days after execution of the agreement that determines whether the placement is in the best interest of the young adult.

(6)	If a petition for special immigrant juvenile status and an application for adjustment of status have been filed on behalf of a foster child and the petition and application have not been granted by the time the child reaches 18 years of age, the court may retain jurisdiction solely for the purpose of allowing the continued consideration of the petition and application by federal authorities. Review hearings must be set solely for the purpose of determining the status of the petition and application. The court's jurisdiction must terminate on the final decision of the federal authorities, or on the immigrant child's 22nd birthday, whichever occurs first.

**(h)-(i)	[No Changes]**

**Committee Notes**

**[No Changes]**

**RULE 8.430.	MODIFICATION OF PERMANENCY ORDER**

**(a)	[No Changes]**

**(b)	Request for Modification by a Parent.**

(1)	If, after a child is residing in the permanent placement approved at the permanency hearing, a parent who has not had his or her parental rights terminated makes a motion for reunification or increased contact with the child, the court shall first hold a hearing to determine whether the dependency case should be reopened and whether there should be a modification of the order. At the hearing, the parent must demonstrate that the safety, well-being, and physical, mental, and emotional health of the child is not endangered by the modification.

(2)	The court shall base its decision concerning any motion by a parent for reunification or increased contact with a child on the effect of the decision on the safety, well-being, and physical and emotional health of the child.

Factors that must be considered and addressed in the findings of fact of the order on the motion must include:

(A)-(F)     [No Changes]

**RULE 8.525.     ADJUDICATORY HEARINGS**

**(a)-(i)     [No Changes]**

**(j)     Order.**

**(1)     Terminating Parental Rights.**

(A)     If the court finds after all of the evidence has been presented that the elements and one of the grounds for termination of parental rights have been established by clear and convincing evidence, the court shall enter a written order terminating parental rights and proceed with dispositional alternatives as provided by law within 30 days after conclusion of the adjudicatory hearing.

(B)     The order must contain the findings of fact and conclusions of law on which the decision was based. The court shall include the dates of the adjudicatory hearing in the order.

(C)     The order must include a brief statement informing the parents of the right to appeal the order to the district court of appeal and the right to file a motion in the circuit court alleging that counsel provided ineffective assistance and a brief explanation of the procedure for filing such a claim.

(D)     The parties may stipulate, or the court may order, that parents or relatives of the parent whose rights are terminated be allowed to maintain some contact with the child. If the court orders continued contact, the nature and frequency of this contact must be stated in a written order. The visitation order may be reviewed on motion of any party, including a prospective adoptive parent, and must be reviewed by the court at the time the child is placed for adoption.

**(2)-(3)     [No Changes]**

**FORM 8.961. SHELTER ORDER**

ORDER FOR PLACEMENT IN SHELTER

THIS CAUSE came on to be heard under chapter 39, Florida Statutes, on the sworn AFFIDAVIT AND PETITION FOR PLACEMENT IN SHELTER CARE filed by .....(petitioner's name)....., on .....(date)...... The following persons appeared before the court:

..... Petitioner ……….

..... Petitioner's attorney ……….

..... Mother ………..

..... Father(s) ……….

..... Legal custodian(s) ……….

..... Guardian ad litem ……….

..... GAL attorney ……….

..... Attorney for the Child ……….

..... Other: ……….

COMMENT: The name of the guardian ad litem and the attorney ad litem, if appointed, must be listed on the order, even if he or she was not present at the hearing.

and the Court having reviewed its file and having been otherwise duly advised in the premises finds as follows:

1.      The minor child(ren), .........., was/were found within the jurisdiction of this court and is/are of an age subject to the jurisdiction of this court.

2.      **PLACEMENT IN SHELTER.**

.....      The minor child(ren) was/were placed in shelter on .....(date)..... at .......... a.m./p.m. by .....(name)....., a duly authorized agent of the department.

.....      The minor child(ren) need(s) to be placed in shelter at the request of the petitioner for the reasons stated in this order.

3.      **PARENTS/CUSTODIANS.** The parents/custodians of the minor child(ren) are:

Name                                    Address

Mother:      ..................          ...............................................

Father of .....(child's name).....:



Other: .....(relationship and to which child).....

..................       .................................................

4. **INABILITY TO NOTIFY AND/OR LOCATE PARENTS/CUSTODIANS.** The petitioner has made a good faith effort to notify and/or locate, but was unable to notify and/or locate .....(name(s))....., a parent or legal custodian of the minor child(ren).

5. **NOTIFICATION.** Each parent/legal custodian not listed in #4 above was:

..... duly notified that the child(ren) was/were taken into custody;

..... duly notified to be present at this hearing;

..... served with a statement setting forth a summary of procedures involved in dependency cases;

..... advised of their right to counsel; and

..... was represented by counsel, .....(name).....

..... knowingly, voluntarily, and intelligently waived the right; or

..... the court declined to accept the waiver because ..........

..... requested appointment of counsel, but the court declined appointment because he/she did not qualify as indigent.

..... requested appointment of counsel and counsel was appointed.

6. **PROBABLE CAUSE.**

..... Based on the allegations in the Affidavit and Petition for Placement in Shelter, there is probable cause to believe that the child(ren) is/are dependent based on allegations of abuse, abandonment, or neglect or substantial risk of same.

..... A finding of probable cause cannot be made at this time and the court requires additional information to determine the risk to the child(ren). The following information must be provided to the court during the continuation of this hearing: .....(information to be provided)...... This hearing is continued for 72 hours, until .....(date and time)...... The children will remain in shelter care.

7. **NEED FOR PLACEMENT.** Placement of the child(ren) in shelter care is in the best interest of the child(ren). Continuation in the home is contrary to the welfare of the child(ren) because the home situation presents a substantial and immediate danger which cannot be mitigated by the provision of preventive services and placement is necessary to protect the child(ren) as shown by the following facts:

..... the child(ren) was/were abused, abandoned, or neglected, or is/are suffering from or in imminent danger of injury or illness as a result of abuse, abandonment, or neglect, specifically: ..........

..... the custodian has materially violated a condition of placement imposed by the court, specifically: ..........

..... the child(ren) has/have no parent, legal custodian, or responsible adult relative immediately known and available to provide supervision and care, specifically: ..........

8.   **REASONABLE EFFORTS.**

..... Reasonable efforts to prevent or eliminate the need for removing the child(ren) from the home have been made by the department, which provided the following services to the family: ..........

..... The following specific services, if available, could prevent or eliminate the need for removal or continued removal of the child from the home ..........

..... The date these services are expected to be available is ..........

..... The department is deemed to have made reasonable efforts to prevent or eliminate the need for removal from the home because:

..... The first contact with the department occurred during an emergency.

..... The appraisal of the home situation by the department indicates a substantial and immediate danger to the child(ren) which cannot be mitigated by the provision of preventive services.

..... The child(ren) cannot safely remain at home because no services exist that can ensure the safety of the child(ren). Services are not available because ..........

..... Even with appropriate services, the child(ren)'s safety cannot be ensured.

..... The department has made reasonable efforts to keep siblings together after the removal from the home. The reasonable efforts of the department were ..........

..... It is not in the best interest of each child that all the siblings be placed together in out-of-home care because ..........

9.   **RELATIVE PLACEMENT.**

..... The court asked any parents present whether the parents have relatives that might be considered as a placement for the child(ren).

..... The court advised any parents present that the parents have a continuing duty to inform the department of any relative who should be considered for placement of the child.

..... By this order, the court notifies the relatives who are providing out-of-home care for the child(ren) of the right to attend all subsequent hearings, to submit reports to the court, and to speak to the court regarding the child(ren), if they so desire.

It is, therefore, ORDERED AND ADJUDGED, as follows:

..... 1. The child(ren) shall remain/be placed in the shelter custody of:

..... the department, with the department having the discretion to shelter the child(ren) with a relative or other responsible adult on completion of a positive homestudy, abuse registry, and criminal background checks. The department shall have placement and care responsibility while the child(ren) is/are under protective supervision in an out-of-home placement.

..... all the children shall be placed together in a foster home if available.

..... a foster home is not available for all the children because ..........

..... placement of all the children in the same foster home is not in the best interest of the child(ren) .....(identify the child(ren))..... because ..........

..... Other: ..........

2. The child(ren) ..... may ..... may not be returned to the parent/custodian without further order of this court.

3. a. The Guardian Ad Litem Program is appointed.

b. An attorney shall be appointed for ..........,

..... the child/children has/have special needs as defined in section 39.01305, Florida Statutes.

..... it is necessary.

4. The parents, within 28 days of the date of this order, shall provide to the department the information necessary to accurately calculate child support under section 61.30, Florida Statutes. The parents shall pay child support in accordance with Florida Statutes.

5. The legal custodian, or in the absence of the legal custodian, the department and its agents, are hereby authorized to provide consent for and to obtain ordinary and necessary medical and dental treatment and examination for the above child(ren) including blood testing deemed medically appropriate, and necessary preventive care, including ordinary immunizations and tuberculin testing.

6. Visitation with the child(ren) shall be as follows:

By the parents ..........

Between the sibling children ..........

Visitation or interaction between the children .....(identify child(ren))..... is not ordered as it will be contrary to the safety or well-being of .....(identify child(ren)) because ..........

7. The parents shall provide to the court and all parties identification and location information regarding potential relative placements.

8. The relatives who are providing out-of-home care for the child(ren) have the right to attend all subsequent hearings, to submit reports to the court, and to speak to the court regarding the child(ren), if they so desire.

9. **THE COURT ADVISED THE PARENTS:**

**A.    TO TAKE ACTION TO COMPLY WITH THE CASE PLAN SO PERMANENCY WITH THE CHILD MAY OCCUR WITHIN THE SHORTEST PERIOD OF TIME POSSIBLE, BUT NO LATER THAN 1 YEAR AFTER REMOVAL OR ADJUDICATION OF THE CHILD.**

**B     TO STAY IN CONTACT WITH THEIR ATTORNEY AND THEIR CASE MANAGER AND PROVIDE UPDATED CONTACT INFORMATION IF THE PARENTS' PHONE NUMBER, ADDRESS, OR E-MAIL ADDRESS CHANGES.**

**C.    TO NOTIFY THE PARTIES AND THE COURT OF BARRIERS TO COMPLETING CASE PLAN TASKS WITHIN A REASONABLE TIME AFTER DISCOVERING SUCH BARRIERS.**

**D.    THAT IF THE PARENTS FAIL TO SUBSTANTIALLY COMPLY WITH THE CASE PLAN THEIR PARENTAL RIGHTS MAY BE TERMINATED AND THE CHILD(REN)'S OUT-OF-HOME PLACEMENT MAY BECOME PERMANENT.**

10. Special conditions: ..........

11. This court retains jurisdiction over this matter to enter any other and further orders as may be deemed to be in the best interest and welfare of this/these child(ren).

12. If a Petition for Dependency is subsequently filed in this cause, the **Arraignment Hearing is scheduled for .....(date)....., at .......... a.m./p.m. at .....(location of arraignment)...... The parents have a right to be represented by an attorney at the arraignment hearing and during the dependency proceedings.**

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.**

**Please contact …..(name, address, telephone number)….. at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

ORDERED in .......... County, Florida on .....(date)....., at .......... a.m./p.m.

_____
Circuit Judge

**FORM 8.965. ARRAIGNMENT ORDER**

ORDER ON ARRAIGNMENT AND
NOTICE OF NEXT HEARING

THIS CAUSE came to be heard on .....(date)....., under chapter 39, Florida Statutes, on the Petition For Dependency filed by .....(name)....., for arraignment of .....(name(s))...... The following persons appeared before the Court:

…..      ….. (Name)….., Petitioner
…..      ….. (Name)….., Attorney for the petitioner
…..      ….. (Name)….., Attorney for the department
…..      ….. (Name)….., Department caseworker
…..      ….. (Name)….., Mother
…..      ….. (Name)….., Attorney for the mother
…..      ….. (Name)….., Father of …..(child)…..
…..      ….. (Name)….., Attorney for father
…..      ….. (Name)….., Guardian ad litem
…..      ….. (Name)….., Attorney for guardian ad litem
…..      ….. (Name)….., Attorney/Attorneys for …..Child/Children…..
…..      ….. (Name)….., Legal custodian
…..      ….. (Name)….., Attorney for legal custodian
…..      ….. (Name)….., Other ………..

COMMENT: The name of the guardian ad litem and the attorney ad litem, if appointed, must be listed on the order, even if he or she was not present at the hearing.

The court having considered the Petition for Dependency and having heard testimony and argument, and having been otherwise duly advised in the premises finds:

1.  This court has jurisdiction over the subject matter of this action; and

2.  The mother, …… (name)…..:

….. was …..not noticed of this hearing

…..did not appear, and the court:
…..    entered a consent by default
……    did not enter a consent by default;

….. appeared with counsel….. appeared without counsel and:
…..  was….. was not advised of her right to legal counsel;
knowingly, intelligently, and voluntarily, …..waived …..did not waive her right to legal counsel; and
……was ….. was not determined to qualify as indigent and….. was ….. was not appointed an attorney.

..... was served with a petition for dependency, and entered a plea of: ..... Admit, ..... Deny, ..... Consent, ..... No Plea, ..... Continuance

..... The Petitioner:

….. will continue a diligent search and will attempt service.

..... has conducted an adequate diligent search and is excused from further diligent search and        further attempts at service.

3.        The father, .....(name).....:

..... was ..... was not noticed of this hearing;

..... did not appear, and the court:
..... entered a consent by default
..... did not enter a consent by default;

….. appeared with counsel….. appeared  without counsel and:
…..  was….. was not advised of his right to legal counsel;
….. knowingly, intelligently, and voluntarily, …..waived ……did not waive his right to legal counsel; and
……was ….. was not determined to qualify as indigent and….. was ….. was not appointed an attorney...... was served with a petition for dependency, and entered a plea of: ..... Admit, ..... Deny, ..... Consent, ..... No Plea, ..... Continuance

..... The Petitioner:

..... will continue a diligent search and will attempt service.

..... has conducted an adequate diligent search and is excused from further diligent search and further attempts at service.

4.        That the child(ren)'s current placement in shelter care:

..... is no longer appropriate, and the child(ren) shall be returned to ……….

..... is appropriate, in that the child(ren) is/are in a setting which is as family-like as possible, consistent with the child(ren)'s best interest and special needs; and, that returning the child(ren) to the home would be contrary to the best interest of the minor child(ren); and, that every reasonable effort has been made to eliminate the need for placement of the child(ren) in shelter care, but present circumstances of the child(ren) and the family are such that shelter care is the only way to ensure the child(ren)'s health, safety, and well-being.

5. Additional findings: ……….

THEREFORE, based on the foregoing findings of fact, it is hereby ORDERED and ADJUDGED that:
1.      The minor child(ren) shall:

..... be ..... returned to ..... remain in the care and custody of .....(name)......

..... remain in the care and custody of the department in shelter care pending adjudication and disposition or until further order of this court.

2.      The child(ren): ..... is/are ..... is/are not adjudicated dependent at this hearing.

3.      ..... Mediation ..... A case planning conference is/are ordered at this time and shall be conducted on .....(date)......, at .......... a.m./p.m., at .....(location)...... All parties, unless otherwise specified, shall attend.

4.      As to the mother, .....(name)....., the court:

Accepts the plea of: ..... Admit, ..... Deny, ..... Consent, ..... Continuance.

.....Appoints ..... Does not appoint an attorney.

Sets a hearing for ..... re-arraignment ...... adjudicatory trial ..... disposition and case plan hearing ..... trial status on .....(date)..... at ..... a.m./p.m.

5.      As to the father, .....(name)....., the court:

Accepts the plea of: ..... Admit, ..... Deny, ..... Consent, ..... Continuance.
..... Appoints ..... Does not appoint an attorney.

Sets a hearing for ..... re-arraignment ...... adjudicatory trial ..... disposition and case plan hearing ..... trial status on .....(date)..... at ..... a.m./p.m.

6.      All prior orders not inconsistent with the present order shall remain in full force and effect.

DONE AND ORDERED on .....(date)......

_____

Circuit Judge

## NOTICE OF HEARING

**The Juvenile Court hereby gives notice of hearing in the above-styled cause on .....(date)..... at .......... a.m./p.m., before .....(judge)....., at .....(location)..... or as soon thereafter as counsel can be heard.**

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, and telephone number)..... at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

## PLEASE BE GOVERNED ACCORDINGLY.

Copies furnished to:

**FORM 8.966. ADJUDICATION ORDER — DEPENDENCY**

ORDER OF ADJUDICATION

THIS CAUSE came before this court on .....(date)....., under chapter 39, Florida Statutes, for adjudication of the Petition for Dependency filed by .....(petitioner's name)....... Present before the court were:

.....      .....(Name)....., Petitioner

.....      .....(Name)....., Attorney for the petitioner

.....      .....(Name)....., Attorney for the department

.....      .....(Name)....., Department caseworker

.....      .....(Name)....., Mother

.....      .....(Name)....., Attorney for mother

..... .....(Name)....., Father of .....(child).....

..... .....(Name)....., Attorney for father

..... .....(Name)....., Guardian ad litem

..... .....(Name)....., Attorney for guardian ad litem

..... .....(Name)....., Legal custodian

..... .....(Name)....., Attorney for legal custodian

..... .....(Name(s))....., Minor child(ren)

..... .....(Name)....., Attorney ad litem for minor child(ren)

..... .....(Name)....., Other ....................

COMMENT: The name of the guardian ad litem and the attorney ad litem, if appointed, must be listed on the order, even if he or she was not present at the hearing.

The court having heard testimony and argument and being otherwise fully advised in the premises finds:

1.      That the minor child(ren) who is/are the subject matter of these proceedings, is/are dependent within the meaning and intent of chapter 39, Florida Statutes, and is/are (a) resident(s) of the State of Florida.

2.      The mother, .....(name).....:

..... was ..... was not noticed of this hearing;

..... did not appear, and the court:

..... entered a Consent for failure to appear after proper notice.

..... did not enter a Consent for failure to appear after proper notice.

..... appeared with counsel;

..... appeared without counsel and:

..... was ..... was not advised of her right to legal counsel,

..... knowingly, intelligently, and voluntarily ..... waived ..... did not waive her right to legal counsel and

..... was ..... was not determined to qualify as indigent and ..... was ..... was not appointed an attorney.

3. The father, .....(name).....:

..... was ..... was not noticed of this hearing;

..... did not appear, and the court:

     ..... entered a Consent for failure to appear after proper notice.

     ..... did not enter a Consent for failure to appear after proper notice.

..... appeared with counsel;

..... appeared without counsel and:

     ..... was ..... was not advised of her right to legal counsel,

     ..... knowingly, intelligently, and voluntarily ..... waived ..... did not waive her right to legal counsel and

     ..... was ..... was not determined to qualify as indigent and ..... was ..... was not appointed an attorney.

4. That the child(ren) is/are dependent within the meaning and intent of chapter 39, Florida Statutes, in that the mother, ....(name)....., abused, neglected, or abandoned the minor child(ren) by ................................ These facts were proven by ..... preponderance of the evidence ...... clear and convincing evidence.

5. That the child(ren) is/are dependent within the meaning and intent of chapter 39, Florida Statutes, in that the father, .....(name)....., abused, neglected, or abandoned the minor child(ren) by .............................. These facts were proven by ..... preponderance of the evidence ...... clear and convincing evidence.

COMMENT: Use 6, 7, and 8 only if the child is in out-of-home placement.

6. That the Court finds that it is in the best interest of the child(ren) to remain in out-of-home care.

7. That every reasonable effort was made to eliminate the need for placement of the child(ren) in out-of-home care but the present circumstances of the child(ren) and the ..... mother ..... father are such that out-of-home care is the only way to ensure the health, safety, and well being of the child(ren), in that ..............................

8. That the child(ren)'s placement in .....(type of placement)..... is in a setting which is as family like and as close to the home as possible, consistent with the child(ren)'s best interests and special needs.

9. That returning the minor child(ren) to the custody of .....(person who had previous legal custody)..... would be contrary to the best interest and welfare of the minor child(ren).

10. The Court ~~inquired~~informed ~~of~~ any parents present ~~whether they have relatives who might be considered for placement of the child(ren)~~that the parent or parents shall provide the court and all parties with identification and location information for such relatives.

THEREFORE, based upon the foregoing findings, it is ORDERED AND ADJUDGED that:

1. The minor child(ren), ......(name(s))....., is/are adjudicated dependent.

2. The child(ren) shall remain in the care and custody of

..... the department in shelter care

..... other .....(name).....

pending disposition.

3. The parents shall provide to the Court and all parties identification and location information regarding potential relative placements.

4. **THE COURT ADVISED THE PARENTS:**

   **A. TO TAKE ACTION TO COMPLY WITH THE CASE PLAN SO PERMANENCY WITH THE CHILD MAY OCCUR WITHIN THE SHORTEST PERIOD OF TIME POSSIBLE, BUT NO LATER THAN 1 YEAR AFTER REMOVAL OR ADJUDICATION OF THE CHILD.**

   **B. TO STAY IN CONTACT WITH THEIR ATTORNEY AND THEIR CASE MANAGER AND PROVIDE UPDATED CONTACT INFORMATION IF THE PARENTS' PHONE NUMBER, ADDRESS, OR E-MAIL ADDRESS CHANGES.**

   **C. TO NOTIFY THE PARTIES AND THE COURT OF BARRIERS TO COMPLETING CASE PLAN TASKS WITHIN A REASONABLE TIME AFTER DISCOVERING SUCH BARRIERS.**

   **D. THAT IF THE PARENTS FAIL TO SUBSTANTIALLY COMPLY WITH THE CASE PLAN THEIR PARENTAL RIGHTS MAY BE TERMINATED AND THE CHILD(REN)'S OUT-OF-HOME PLACEMENT MAY BECOME PERMANENT.**

5. This court shall retain jurisdiction over this cause to enter any such further orders that may be deemed necessary for the best interest and welfare of the minor child(ren).

6. All prior orders not inconsistent with the present order shall remain in full force and effect.

7. Disposition is scheduled for .....(date)....., at ..... a.m./p.m.

DONE AND ORDERED on .....date..... at .....(city)....., Florida.

_____
Circuit Judge

## NOTICE OF HEARING

**The Juvenile Court hereby gives notice of hearing in the above styled cause on .....(date)..... at .....a.m./p.m., before .....(judge)....., at .....(location)....., or as soon thereafter as counsel can be heard.**

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, and telephone number)..... at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

# PLEASE BE GOVERNED ACCORDINGLY.

Copies furnished to:

**FORM 8.970.          ORDER ON JUDICIAL REVIEW**

ORDER ON JUDICIAL REVIEW AND NOTICE OF NEXT HEARING

THIS CAUSE came on to be heard on .....(date)..... for Judicial Review on the report filed by the Department of Children and Families in this cause under chapter 39, Florida Statutes.

The following persons appeared before the court:

.....     .....(name)....., Child

.....     .....(name)....., Attorney for the child

.....     .....(name)....., Petitioner

.....     .....(name)....., Attorney for the petitioner

.....     .....(name)....., Attorney for the department

.....     .....(name)....., Department caseworker

.....     .....(name)....., Mother

..... .....(name)....., Attorney for mother

..... .....(name)....., Father of .....(child).....

..... .....(name)....., Attorney for father

..... .....(name)....., Guardian ad litem

..... .....(name)....., Attorney for guardian ad litem

..... .....(name)....., Legal custodian

..... .....(name)....., Attorney for legal custodian

..... .....(name)....., Other ..........

COMMENT: The name of the guardian ad litem and the attorney ad litem, if appointed, must be listed on the order, even if he or she was not present at the hearing.

And the court having considered

..... Judicial Review and Social Study Report filed by the Ddepartment

..... Statement/home study filed by the Ddepartment

..... Report of the Gguardian Aad Llitem

..... Case plan filed by the Ddepartment

..... Statement by the Child's Caretaker

..... Whether or not the child is a citizen and, if the child is not a citizen, the steps that have been taken to address the citizenship or residency status of the child

..... Other ..........

AND THE COURT having heard testimony and argument, and having been otherwise duly advised in the premises finds:

1. That the minor child(ren) who is/are the subject matter of these proceedings was/were adjudicated dependent, continue to be dependent, is/are of an age subject to the jurisdiction of the court, and is/are resident(s) of the state of Florida.

2. The following parties were notified of this hearing and provided a copy of the documents filed for this hearing:

..... .....(name)....., Petitioner

..... .....(name)....., Attorney for the petitioner

- 30 -

..... .....(name)....., Attorney for the department

..... .....(name)....., Department caseworker

..... .....(name)....., Mother

..... .....(name)....., Attorney for mother

..... .....(name)....., Father of .....(child).....

..... .....(name)....., Attorney for father

..... .....(name)....., Guardian ad litem

..... .....(name)....., Attorney for guardian ad litem

..... .....(name)....., Legal custodian

..... .....(name)....., Attorney for legal custodian

..... .....(name)....., Attorney for the child

..... .....(name)....., Other ..........

3.     The mother, .....(name).....:

..... did not appear and ..... was ..... was not represented by legal counsel;

..... appeared ..... with ..... without legal counsel and ..... was ..... was not advised of her right to legal counsel;

knowingly, intelligently, and voluntarily ..... waived ..... did not waive her right to legal counsel; and

..... was ..... was not determined to qualify as indigent and

..... was ..... was not appointed an attorney.

4.     The father, .....(name).....:

..... did not appear and ..... was ..... was not represented by legal counsel;

..... appeared ..... with ..... without legal counsel and ..... was ..... was not advised of his right to legal counsel;

knowingly, intelligently, and voluntarily ..... waived ..... did not waive her right to legal counsel; and

..... was ..... was not determined to qualify as indigent and

- 31 -

..... was ..... was not appointed an attorney.

COMMENT: Repeat above for each father.

5. The department filed a judicial review report with the court on .....(date)...... This judicial review report ..... is ..... is not in compliance with the statutory requirements.

6. The following parents/legal custodians were notified of their right to participate in the preparation of the case plan and to receive assistance from any other person in the preparation of the case plan: .....(names of those notified)......

7. The mother has complied with the following tasks in the case plan: .....(list tasks complied with)......

8. The mother has not complied with the following tasks in the case plan: .....(list tasks not complied with)......

9. The father, .....(father's name)....., has complied with the following tasks in the case plan: .....(list tasks complied with)......

10. The father, .....(father's name)....., has not complied with the following tasks in the case plan: .....(list tasks not complied with)......

11. The mother ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

12. The father, .....(father's name)....., ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

13. The department ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

14. The mother ..... has ..... has not complied with court ordered financial support for the child as follows: .....(explanation of financial compliance)......

15. The father, .....(father's name)....., ..... has ..... has not complied with court ordered financial support for the child as follows: .....(explanation of financial compliance)......

16. The mother ..... has ..... has not complied with court ordered meetings with the department as follows: .....(explanation of meetings compliance)......

17. The father, .....(father's name)....., ..... has ..... has not complied with court ordered meetings with the department as follows: .....(explanation of meetings compliance)......

18. The department ..... has ..... has not complied with court ordered meetings with the parents as follows: .....(explanation of meetings compliance)......

COMMENT: Use 19, 20, 21, 22, 23, & 24 if child(ren) is/are not placed in the home of a parent.

..... 19. It is in the best interest of the minor child(ren) to be placed in the care and custody of .....(placement ordered)......

..... 20. Placement of the minor child(ren) in the care and custody of .....(placement ordered)..... is in a setting which is as family like and as close to the home as possible, consistent with the child(ren)'s best interests and special needs.

..... 21. The children ..... are ..... are not separated in their placements. The following efforts have been made to reunite separated siblings: ..........

..... It is not in the best interest of each sibling to be reunited in their placement because: ..........

..... Each sibling has the following frequency, kind and duration of contacts: ..........

..... 22. Return of the minor child(ren) to the custody of .....(person(s) from whom child(ren) was/were originally removed)..... would be contrary to the best interest and welfare of the minor child(ren). The child(ren) cannot safely .....remain .....return home with services and removal of the child(ren) is necessary to protect the child(ren).

..... 23. Prevention or reunification services .....were not .....were indicated and are as follows: .....(services indicated)...... Further efforts could not have shortened separation of this family because ...........

..... 24. The likelihood of the children's reunification with the parent or legal custodian within 12 months is ...........

COMMENT: Use 25 if child(ren) remain(s) or is/are returned to the parent(s).

..... 25. The child(ren) can safely ..... remain with ..... be returned to .....(parent('s)(s') name(s))..... as long as he/she/they comply(ies) with the following: ...........

The safety, well-being, and physical, mental, and emotional health of the child(ren) are not endangered by allowing the child(ren) to ..... remain ..... return home.

THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:

1. The minor child(ren), .....(name(s))....., be placed in the custody of .....(name)....., under supervision of the department. The department shall have placement and care responsibility while the child(ren) is/are under protective supervision in an out-of-home placement.

2. The judicial review report filed by the department is:

..... not accepted and a continuance was requested.

..... accepted by the court.

..... 3. The court finds that it is not likely that the child(ren) will be reunified with the parent or legal custodian within 12 months after the child was removed from the home. The department shall file a motion within 10 days of receipt of this written order to amend the case plan to incorporate concurrent planning into the case plan.

4. The court inquired of any parents present whether they have relatives who might be considered for placement of the children.

5. Other: ...........

6. All prior orders not inconsistent with the present order shall remain in full force and effect.

7. This court shall retain jurisdiction over this cause to enter any such further orders as may be deemed necessary for the best interest and welfare of the minor child(ren).

8. This matter is scheduled for Judicial Review on .....(date)..... at .....(time)......

DONE AND ORDERED in .........., Florida on .....(date)..... at .....(time).....

_____
Circuit Judge

NOTICE OF HEARING

**The Juvenile Court hereby gives notice of hearing in the above-styled cause on .....(date)..... at .......... a.m./p.m., before .....(judge)....., at .....(location)....., or as soon thereafter as counsel can be heard.**

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, and telephone number)..... at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**PLEASE BE GOVERNED ACCORDINGLY.**

Copies furnished to:


**FORM 8.973A.     ORDER ON JUDICIAL REVIEW FOR CHILD AGE 17 OR OLDER**

ORDER ON JUDICIAL REVIEW FOR CHILD

OVER AGE 17 AND NOTICE OF NEXT HEARING

THIS CAUSE came on to be heard on .....(date)..... for Judicial Review on the report filed by the Department of Children and Families in this cause under chapter 39, Florida Statutes.

The following persons appeared before the court:

..... .....(Name)....., Child

..... .....(Name)....., Attorney for the Child

..... .....(Name)....., Petitioner

..... .....(Name)....., Attorney for the petitioner

..... .....(Name)....., Attorney for the department

..... .....(Name)....., Department caseworker

..... .....(Name)....., Mother

..... .....(Name)....., Attorney for mother

..... .....(Name)....., Father of .....(child).....

..... .....(Name)....., Attorney for father

..... .....(Name)....., Guardian ad litem

..... .....(Name)....., Attorney for guardian ad litem

..... .....(Name)....., Legal custodian

..... .....(Name)....., Attorney for legal custodian

..... .....(Name)....., Other: ..........

COMMENT: The name of the guardian ad litem and the attorney ad litem, if appointed, must be listed on the order, even if he or she was not present.

and the court having considered:

..... Judicial Review Social Study Report filed by the ~~D~~department;

..... Because the child reached the age of 17 within the past 90 days, written verification that the child:

..... Has been provided with a current Medicaid card and has been provided all necessary information concerning the Medicaid program;

..... Has been provided with a certified copy of his or her birth certificate; and has a valid Florida driver's license or has been provided with a Florida identification card;

..... Has a social security card and has been provided information relating to Social Security Insurance benefits, if the child is believed to be eligible;

..... Has received a full accounting if there is a Master Trust for the child and has been informed as to how to access those funds;

..... Has been provided with information related to the Road-to-Independence Program, including eligibility requirements, information on participation, and assistance in gaining admission to the program; If the child is eligible for the Road-to-Independence Program, has been informed that he or she may reside with the licensed foster family or group care provider with whom the child was residing at the time of attaining his or her 18th birthday or may reside in another licensed foster home or with a group care provider arranged by the department;

..... Has an open bank account or the identification necessary to open a bank account and the information necessary to acquire essential banking and budgeting skills;

..... Has been provided with information on public assistance and how to apply;

..... Has been provided a clear understanding of where he or she will be living on his or her 18th birthday, how living expenses will be paid, and what educational program the child will be enrolled in;

..... Has been provided with information as to the child's ability to remain in care until he [or she] reaches 21 years of age or 22 years of age if he/she has a disability;

..... Has been provided with a letter stating the dates that the child is under the jurisdiction of the court;

..... Has been provided with a letter stating that the child is in compliance with financial aid documentation requirements;

..... Has been provided his or her educational records;

..... Has been provided his or her entire health and mental health records;

..... Has been provided with information concerning the process for accessing his or her case file;

..... Has been provided with a statement encouraging the child to attend all judicial review hearings occurring after his or her 17th birthday; and

..... Has been provided with information on how to obtain a driver license or learner's driver license.

.....   Statement/homestudy filed by the D̶department;

.....   Report of the G̶guardian A̶ad L̶litem;

.....   A case plan, dated .........., filed by the D̶department that includes information related to independent living services that have been provided since the child's 13th birthday or since the date the child came into foster care, whichever came later;

.....   Statement by the child's caretaker on the progress the child has made in acquiring independent living skills;

.....   Whether or not the child is a citizen and, if the child is not a citizen, the steps that have been taken to address the citizenship or residency status of the child;

.....   Other: ..........

AND THE COURT having heard testimony and argument, and having been otherwise duly advised in the premises finds:

1.   That the minor child(ren) who is/are the subject matter of these proceedings was/were adjudicated dependent, continue to be dependent, is/are of an age subject to the jurisdiction of the court, and is/are resident(s) of the state of Florida.

2.   The following parties were notified of this hearing and provided a copy of the documents filed for this hearing:

.....   .....(Name)....., Child

.....   .....(Name)....., Attorney for the Child

.....   .....(Name)....., Petitioner

.....   .....(Name)....., Attorney for the petitioner

.....   .....(Name)....., Attorney for the department

.....   .....(Name)....., Department caseworker

.....   .....(Name)....., Mother

.....   .....(Name)....., Attorney for mother

.....   .....(Name)....., Father of .....(child).....

.....   .....(Name)....., Attorney for father

.....   .....(Name)....., Guardian ad litem

.....   .....(Name)....., Attorney for guardian ad litem

.....   .....(Name)....., Legal custodian

.....   .....(Name)....., Attorney for legal custodian

.....   .....(Name)....., Other: ..........

3.      The child has been given the opportunity to address the court with any information relevant to the child's best interests.

4.      The mother, .....(name).....:

.....   did not appear and ..... was ..... was not represented by legal counsel;

.....   appeared ..... with ..... without legal counsel and ..... was ..... was not advised of her right to legal counsel;

knowingly, intelligently, and voluntarily ..... waived ..... did not waive her right to legal counsel; and

.....   was ..... was not determined to qualify as indigent and

.....   was ..... was not appointed an attorney.

5.      The father, .....(name).....:

.....   did not appear and ..... was ..... was not represented by legal counsel;

.....   appeared ..... with ..... without legal counsel and ..... was ..... was not advised of his right to legal counsel;

knowingly, intelligently, and voluntarily ..... waived ..... did not waive his right to legal counsel; and

.....   was ..... was not determined to qualify as indigent and

.....   was ..... was not appointed an attorney.

COMMENT: Repeat above for each father.

6.      The department filed a judicial review report with the court on .....(date)...... This judicial review report ..... is ..... is not in compliance with the statutory requirements.

7.      The following parents/legal custodians were notified of their right to participate in the preparation of the case plan and to receive assistance from any other person in the preparation of the case plan: .....(names of those notified)......

8.      The mother has complied with the following tasks in the case plan: .....(list tasks complied with)......

9.     The mother has not complied with the following tasks in the case plan: .....(list tasks not complied with)......

10.     The father, .....(father's name)....., has complied with the following tasks in the case plan: .....(list tasks complied with)......

11.     The father, .....(father's name)....., has not complied with the following tasks in the case plan: .....(list tasks not complied with)......

12.     The mother ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

13.     The father, .....(father's name)....., ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

14.     The department ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

15.     The mother ..... has ..... has not complied with court ordered financial support for the child as follows: .....(explanation of financial compliance)......

16.     The father, .....(father's name)....., ..... has ..... has not complied with court ordered financial support for the child as follows: .....(explanation of financial compliance)......

17.     The mother ..... has ..... has not complied with court ordered meetings with the department as follows: .....(explanation of meetings compliance)......

18.     The father, .....(father's name)....., ..... has ..... has not complied with court ordered meetings with the department as follows: .....(explanation of meetings compliance)......

19.     The department ..... has ..... has not complied with court ordered meetings with the parents as follows: .....(explanation of meetings compliance)......

COMMENT: Use 20, 21, 22, 23, & 24 if child(ren) is/are not placed in the home of a parent.

.....     20.     It is in the best interest of the minor child(ren) to be placed in the care and custody of .....(placement ordered)...... The department has placement and care responsibility while the child(ren) is/are under protective supervision in an out-of-home placement.

.....     21.     Placement of the minor child(ren) in the care and custody of .....(placement ordered)..... is in a setting which is as family like and as close to the home as possible, consistent with the child(ren)'s best interests and special needs.

.....     22.     The children ..... are ..... are not separated in their placements. The following efforts have been made to reunite the siblings: ..........

.....     It is not in the siblings' best interest to be reunited in their placement because: ..........

.....     The separate siblings have the following frequency, kind, and duration of contacts: ..........

23. Return of the minor child(ren) to the custody of .....(person(s) from whom child(ren) was/were originally removed)..... would be contrary to the best interest and welfare of the minor child(ren). The child(ren) cannot safely ..... remain ..... return home with services and removal of the child(ren) is necessary to protect the child(ren).

24. Prevention or reunification services ..... were not ..... were indicated and are as follows: .....(services indicated)...... Further efforts could not have shortened separation of this family because ...........

COMMENT: Use 25 if child(ren) remain(s) or is/are returned to the parent(s).

25. The child(ren) can safely ..... remain with ..... be returned to .....(parent('s)(s') name(s))..... as long as he/she/they comply(ies) with the following: ........... The safety, well-being, and physical, mental, and emotional health of the child(ren) are not endangered by allowing the child(ren) to ..... remain ..... return home.

26. The child's petition and application for special immigrant juvenile status or other immigration decision remains pending.

27. The department ….. has ….. has not complied with its obligation as specified in the written case plan or in the provision of independent living services as required by Florida Statutes.

THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:

1. The minor child(ren), .....(name(s))....., be placed in the custody of .....(name)....., under supervision of the department.

2. The judicial review report filed by the department is:

    ..... not accepted and a continuance was requested.

    ..... accepted by the court.

3. Other: ...........

4. All prior orders not inconsistent with the present order shall remain in full force and effect.

5. This court shall retain jurisdiction over this cause to enter any such further orders as may be deemed necessary for the best interest and welfare of the minor child(ren).

6. This court shall retain jurisdiction until the final decision is rendered by the federal immigration authorities, or upon the immigrant child's 22nd birthday, whichever shall occur first.

7.    This court shall retain jurisdiction until the child's 19th birthday for the purpose of determining whether appropriate services to be provided to the young adult before reaching 18 years of age have been provided to the youth.

8.    This court shall retain jurisdiction until the child's 21st birthday, or 22nd birthday if the child has a disability, unless the young adult chooses to leave foster care upon reaching 18 years of age, or if the young adult does not meet the eligibility requirements to remain in foster care or chooses to leave care at any time prior to the 21st birthday, or 22nd birthday if the child has a disability.

9.    This matter is scheduled for Judicial Review on .....(date)..... at .....(time)......

DONE AND ORDERED in .........., Florida, on .....(date)......


_____
Circuit Judge

## NOTICE OF HEARING

**The Juvenile Court hereby gives notice of hearing in the above-styled cause on .....(date)..... at .......... a.m./p.m., before .....(judge)....., at .....(location)....., or as soon thereafter as counsel can be heard.**

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, and telephone number)..... at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**PLEASE BE GOVERNED ACCORDINGLY.**

Copies furnished to ...........


**FORM 8.973B.     ORDER ON JUDICIAL REVIEW**

ORDER ON LAST JUDICIAL REVIEW BEFORE CHILD REACHES AGE 18 AND NOTICE

OF NEXT HEARING

THIS CAUSE came on to be heard on .....(date)..... for Judicial Review on the report filed by the Department of Children and Families in this cause under chapter 39, Florida Statutes.

The following persons appeared before the court:

..... .....(Name)....., Child

..... .....(Name)....., Attorney for the Child

..... .....(Name)....., Petitioner

..... .....(Name)....., Attorney for the petitioner

..... .....(Name)....., Attorney for the department

..... .....(Name)....., Department caseworker

..... .....(Name)....., Mother

..... .....(Name)....., Attorney for mother

..... .....(Name)....., Father of .....(child).....

..... .....(Name)....., Attorney for father

..... .....(Name)....., Guardian ad litem

..... .....(Name)....., Attorney for guardian ad litem

..... .....(Name)....., Legal custodian

..... .....(Name)....., Attorney for legal custodian

..... .....(Name)....., Other: ..........

COMMENT: The name of the guardian ad litem and the attorney ad litem, if appointed, must be listed on the order, even if he or she was not present.

and the court having considered:

..... Judicial Review Social Study Report filed by the Ddepartment;

..... Statement/homestudy filed by the Ddepartment;

..... Report of the Gguardian Aad Llitem;;

..... A case plan, dated .........., filed by the Ddepartment that includes information related to independent living services that have been provided since the child's 13th birthday or since the date the child came into foster care, whichever came later;

..... Statement by the child's caretaker on the progress the child has made in acquiring independent living skills;

.....     Whether or not the child is a citizen and, if the child is not a citizen, the steps that have been taken to address the citizenship or residency status of the child;

.....     A copy of the child's transition plan;

.....     Other: ..........

AND THE COURT having heard testimony and argument, and having been otherwise duly advised in the premises finds:

1.     That the minor child(ren) who …..is/are….. the subject matter of these proceedings …..was/were….. adjudicated dependent, continue to be dependent, is/are of an age subject to the jurisdiction of the court, and …..is/are.....resident(s) of the state of Florida.

2.     The following parties were notified of this hearing and provided a copy of the documents filed for this hearing:

.....     .....(Name)....., Child

.....     .....(Name)....., Attorney for the Child

.....     .....(Name)....., Petitioner

.....     .....(Name)....., Attorney for the petitioner

.....     .....(Name)....., Attorney for the department

.....     .....(Name)....., Department caseworker

.....     .....(Name)....., Mother

.....     .....(Name)....., Attorney for mother

.....     .....(Name)....., Father of .....(child).....

.....     .....(Name)....., Attorney for father

.....     .....(Name)....., Guardian ad litem

.....     .....(Name)....., Attorney for guardian ad litem

.....     .....(Name)....., Legal custodian

.....     .....(Name)....., Attorney for legal custodian

.....     .....(Name)....., Other: ..........

3.     The child has been given the opportunity to address the court with any information relevant to the child's best interests.

4.	The mother, .....(name).....:

.....	did not appear and ..... was ..... was not represented by legal counsel;

.....	appeared ..... with ..... without legal counsel and ..... was ..... was not advised of her right to legal counsel;

knowingly, intelligently, and voluntarily ..... waived ..... did not waive her right to legal counsel; and

.....	was ..... was not determined to qualify as indigent and

.....	was ..... was not appointed an attorney.

5.	The father, .....(name).....:

.....	did not appear and ..... was ..... was not represented by legal counsel;

.....	appeared ..... with ..... without legal counsel and ..... was ..... was not advised of his right to legal counsel;

knowingly, intelligently, and voluntarily ..... waived ..... did not waive his right to legal counsel; and

.....	was ..... was not determined to qualify as indigent and

.....	was ..... was not appointed an attorney.

COMMENT: Repeat above for each father.

6.	The department filed a judicial review report with the court on .....(date)...... The judicial review report ..... is ..... is not in compliance with the statutory requirements.

7.	The following parents/legal custodians were notified of their right to participate in the preparation of the case plan and to receive assistance from any other person in the preparation of the case plan: .....(names of those notified)......

8.	The mother has complied with the following tasks in the case plan: .....(list tasks complied with)......

9.	The mother has not complied with the following tasks in the case plan: .....(list tasks not complied with)......

10.	The father, .....(father's name)....., has complied with the following tasks in the case plan: .....(list tasks complied with)......

11.	The father, .....(father's name)....., has not complied with the following tasks in the case plan: .....(list tasks not complied with)......

12.     The mother ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

13.     The father, .....(father's name)....., ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

14.     The department ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

15.     The mother ..... has ..... has not complied with court ordered financial support for the child as follows: .....(explanation of financial compliance)......

16.     The father, .....(father's name)....., ..... has ..... has not complied with court ordered financial support for the child as follows: .....(explanation of financial compliance)......

17.     The mother ..... has ..... has not complied with court ordered meetings with the department as follows: .....(explanation of meetings compliance)......

18.     The father, .....(father's name)....., ..... has ..... has not complied with court ordered meetings with the department as follows: .....(explanation of meetings compliance)......

19.     The department ..... has ..... has not complied with court ordered meetings with the parents as follows: .....(explanation of meetings compliance)......

COMMENT: Use 20, 21, 22, 23, & 24 if child(ren) is/are not placed in the home of a parent.

20.     It is in the best interest of the minor child(ren) to be placed in the care and custody of .....(placement ordered)...... The department has placement and care responsibility while the child(ren) is/are under protective supervision in an out-of-home placement.

21.     Placement of the minor child(ren) in the care and custody of .....(placement ordered)..... is in a setting which is as family like and as close to the home as possible, consistent with the child(ren)'s best interests and special needs.

.....    22.     The children ..... are ..... are not separated in their placements. The following efforts have been made to reunite separated siblings: ..........

.....    It is not in the best interest of each sibling to be reunited in their placement because: ..........

.....    Each sibling has the following frequency, kind, and duration of contacts: ..........

23.     Return of the minor child(ren) to the custody of .....(person(s) from whom child(ren) was/were originally removed)..... would be contrary to the best interest and welfare of the minor child(ren). The child(ren) cannot safely ..... remain ..... return home with services and removal of the child(ren) is necessary to protect the child(ren).

24.     Prevention or reunification services ..... were not ..... were indicated and are as follows: .....(services indicated)...... Further efforts could not have shortened separation of this family because ...........

COMMENT: Use 25 if child(ren) remain(s) or is/are returned to the parent(s).

25.     The child(ren) can safely ..... remain with ..... be returned to ..... (parent('s)(s') name(s))..... as long as he/she/they comply(ies) with the following: ........... The safety, well-being, and physical, mental, and emotional health of the child(ren) are not endangered by allowing the child(ren) to ..... remain ..... return home.

26.     The child's petition and application for special immigrant juvenile status or other immigration decision remains pending.

27.     The department ..... has ..... has not complied with its obligation as specified in the written case plan or in the provision of independent living services as required by Florida Statutes.

.....     28.     The child does plan on remaining in foster care.

          a.     the child will meet the requirements by ..........

          b.     the supervised living arrangement will be ..........

          c.     the child has been informed of

                 .....     (1)     the right to continued support and services;

                 .....     (2)     the right to request termination of this court's jurisdiction and to be discharged from foster care;

                 .....     (3)     the opportunity to reenter foster care pursuant to Florida law.; and

                 .....     (4)     the requirement to furnish documentation of participation in a program required for eligibility to remain in extended foster care.

.....     29.     The child does not plan on remaining in foster care. The child has been informed of:

          .....     a.     services of benefits for which the child may be eligible based upon the child's placement and length of time spent in licensed foster care;

          .....     b.     services or benefits that may be lost through a termination of the court's jurisdiction; and

..... c. other federal, state, local, or community-based services or supports available to the child.

THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:

1. The minor child(ren), .....(name(s))....., be placed in the custody of .....(name)....., under supervision of the department.

2. The judicial review report filed by the department is: ..... not accepted and a continuance was requested ..... accepted by the court.

3. The child's transition plan is: ..... not approved and a continuance was requested ..... approved by the court.

4. Other: ..........

5. All prior orders not inconsistent with the present order shall remain in full force and effect.

6. This court shall retain jurisdiction over this cause to enter any such further orders as may be deemed necessary for the best interest and welfare of the minor child(ren).

7. This court shall retain jurisdiction until the final decision is rendered by the federal immigration authorities, or upon the immigrant child's 22nd birthday, whichever shall first occur.

8. This court shall retain jurisdiction until the child's 19th birthday for the purpose of determining whether appropriate services that were required to be provided to the young adult before reaching 18 years of age have been provided to the youth.

9. This court shall retain jurisdiction until the child's 21st birthday, or 22nd birthday if the child has a disability, unless the young adult chooses to leave foster care upon reaching 18 years of age, or if the young adult does not meet the eligibility requirements to remain in foster care or chooses to leave care at any time prior to the 21st birthday, or the 22nd birthday if the young adult has a disability.

10. This matter is scheduled for Judicial Review on .....(date)..... at .....(time)......

DONE AND ORDERED in .........., Florida, on .....(date)......

_____
Circuit Judge

**NOTICE OF HEARING**

**The Juvenile Court hereby gives notice of hearing in the above-styled cause on .....(date).....at .......... a.m./p.m., before .....(judge)....., at .....(location)....., or as soon thereafter as counsel can be heard.**

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, and telephone number)..... at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**PLEASE BE GOVERNED ACCORDINGLY.**

Copies furnished to: ..........

**FORM 8.973C.        ORDER ON JUDICIAL REVIEW FOR YOUNG ADULTS IN EXTENDED FOSTER CARE**

ORDER ON JUDICIAL REVIEW FOR YOUNG ADULTS IN EXTENDED FOSTER CARE
AND NOTICE OF NEXT HEARING

THIS CAUSE came on to be heard on .....(date)..... for Judicial Review on the report filed by the Department of Children and Families in this cause under chapter 39, Florida Statutes.

The following persons appeared before the court:

.....        .....(Name)....., Young Adult

.....        .....(Name)....., Attorney for the Young Adult

.....        .....(Name)....., Petitioner

.....        .....(Name)....., Attorney for the petitioner

.....        .....(Name)....., Attorney for the department

.....        .....(Name)....., Department caseworker

.....        .....(Name)....., Guardian ad litem

.....        .....(Name)....., Attorney for the guardian ad litem

.....        .....(Name)....., Other: ..........

COMMENT: The name of the guardian ad litem and the attorney ad litem, if appointed, must be listed on the order, even if he or she was not present.

and the court having considered:

  .....  Judicial Review Social Study Report filed by the Ddepartment;

  .....  Case Plan filed by the Ddepartment;

  .....  Report of the Gguardian Aad Llitem;

  .....  A copy of the young adult's transition plan;

  ......  A copy of the voluntary placement agreement;

  .....  Other: ..........

AND THE COURT having heard testimony and argument, and having been otherwise duly advised in the premises finds:

1.  The young adult ….. is ….. is not making progress in meeting the case plan goals, as follows: ……….

2.  The department ….. has or ….. has not made reasonable efforts to finalize the permanency plan currently in effect.

  3.  The case plan and/or the young adult's transition plan shall be amended as follows: ..........

  34.  The Ddepartment and all services providers .....have ….. have not provided the appropriate services listed in the case plan. ….. The Ddepartment must take the following action to ensure the young adult receives identified services that have not been provided: ..........

……  45.  The young adult ..... is ..... is not separated from siblings in out-of-home care. The following efforts have been made to reunite separated siblings: ...................................................
................................................................................................................................................................
................................................................................................................................................................

.....  It is not in the best interest of each sibling to be reunited in their placement because:
................................................................................................................................................................
................................................................................................................................................................

.....  Each sibling has the following frequency, kind and duration of contacts:
................................................................................................................................................................
................................................................................................................................................................

……  56.  The young adult has signed a voluntary placement agreement for the sole purpose of ending the current removal episode.

….. 6̶7. Jurisdiction in this case should be terminated based on the following facts:

..... a. The young adult has requested termination of jurisdiction; or

..... b. The young adult has been informed by the department of his or her right to attend this hearing and has provided written consent to waive this right, and

..... c. The young adult has been informed of the potential negative effects of early termination of care, the option to reenter care before reaching 21 years of age, or 22 years of age if the young adult has a disability, the procedure for and the limitations on reentering care, and the availability of alternative services, and has signed a document attesting that he or she has been so informed and understands these provisions; or

..... d. The young adult has voluntarily left the program, has not signed the document indicated above, and is unwilling to participate in any further court proceeding; or

..... e. The young adult has been involuntarily discharged from the program by written notification dated ………., and the young adult has not appealed the discharge decision.

THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:

1. The judicial review report filed by the department is:

..... not accepted and a continuance was requested.

..... accepted by the court.

2. All prior orders not inconsistent with the present order shall remain in full force and effect.

3. The young adult is placed in the following supervised living environment: ………. under the protective supervision of the department. The department shall have placement and care responsibility while the young adult is under protective supervision in the supervised living environment. The court has determined that it is in the best interest of the young adult to remain in out-of-home care.

..... 4. The court ends the current removal episode. The young adult executed a voluntary placement agreement on .....(date)..... giving the department placement and care responsibility and beginning a new removal episode.

..... 3̶5. This court shall retain jurisdiction until the young adult's 19th birthday for the purpose of determining whether appropriate services that were required to be provided to the young adult before reaching 18 years of age have been provided to the youth; or

..... 4̶6. This court shall retain jurisdiction until the young adult's 21st birthday, or 22 years of age if the young adult has a disability, unless the young adult chooses to

leave foster care upon reaching 18 years of age, or if the young adult does not meet the eligibility requirements to remain in foster care or chooses to leave care at any time prior to the 21st birthday.        or

..... ~5~7.     Jurisdiction over this cause is hereby terminated.

..... ~6~8.     Other:………..~~…………..~~

..... ~7~9.     This matter is scheduled for Judicial Review on …..(date)….. at ……(time)…….

DONE AND ORDERED in …………………, Florida, on ……(date)…….

_____
Circuit Judge

## NOTICE OF HEARING

**The Juvenile Court hereby gives notice of hearing in the above-styled cause on .....(date)..... at ..... a.m./p.m., before .....(judge)....., at .....(location)....., or as soon thereafter as counsel can be heard.**

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, and telephone number)..... at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**PLEASE BE GOVERNED ACCORDINGLY.**

Copies furnished to: ……….

## FORM 8.975. DEPENDENCY ORDER WITHHOLDING ADJUDICATION

### ORDER OF ADJUDICATION

THIS CAUSE came before this court on .....(date)....., under chapter 39, Florida Statutes, for adjudication of the Petition for Dependency filed by .....(petitioner's name)...... Present before the court were

.....      .....(Name)....., Petitioner

..... .....(Name)....., Attorney for the petitioner

..... .....(Name)....., Attorney for the department

..... .....(Name)....., Department caseworker

..... .....(Name)....., Mother

..... .....(Name)....., Attorney for mother

..... .....(Name)....., Father of .....(child).....

..... .....(Name)....., Attorney for father

..... .....(Name)....., Guardian ad litem

..... .....(Name)....., Attorney for guardian ad litem

..... .....(Name)....., Legal custodian

..... .....(Name)....., Attorney for legal custodian

..... .....(Name)....., Other ...................

COMMENT: The name of the guardian ad litem and the attorney ad litem, if appointed, must be listed on the order, even if he or she was not present.

The court having heard testimony and argument and being otherwise fully advised in the premises finds:

1. That the minor child(ren) who is/are the subject matter of these proceedings, is/are dependent within the meaning and intent of chapter 39, Florida Statutes, and is/are (a) resident(s) of the State of Florida.

2. The mother, .....(name).....:

..... was ..... was not noticed of this hearing;

..... did not appear, and the court:

..... entered a Consent for failure to appear after proper notice.

..... did not enter a Consent for failure to appear after proper notice.

..... appeared with counsel;

..... appeared without counsel and:

..... was ..... was not advised of her right to legal counsel,

- 52 -

..... knowingly, intelligently, and voluntarily waived ..... did not waive her right to legal counsel and

..... was ..... was not determined to qualify as indigent and

..... was ..... was not appointed an attorney.

3. The father, .....(name).....:

..... was ..... was not noticed of this hearing;

..... did not appear, and the court:

..... entered a Consent for failure to appear after proper notice.

..... did not enter a Consent for failure to appear after proper notice.

..... appeared with counsel;

..... appeared without counsel and:

..... was ..... was not advised of his right to legal counsel,

..... knowingly, intelligently, and voluntarily waived ..... did not waive his right to legal counsel and

..... was ..... was not determined to qualify as indigent and

..... was ..... was not appointed an attorney.

..... 4. That the child(ren) is/are dependent within the meaning and intent of chapter 39, Florida Statutes, in that the mother, ....(name)....., abused, neglected or abandoned the minor child(ren) by .................... These facts were proven by ..... preponderance of the evidence ...... clear and convincing evidence.

..... 5. That the child(ren) is/are dependent within the meaning and intent of chapter 39, Florida Statutes, in that the father, .....(name)....., abused, neglected or abandoned the minor child(ren) by .................... These facts were proven by ..... preponderance of the evidence ...... clear and convincing evidence.

..... 6. That the parties have filed a mediation agreement in which the parent(s) consent(s) to the adjudication of dependency of the child(ren) in conjunction with a withhold of adjudication, which the court accepts.

7. Under section 39.507(5), Florida Statutes, the Court finds that the child(ren) named in the petition are dependent, but finds that no action other than supervision in the child(ren)'s home is required.

THEREFORE, based upon the foregoing findings, it is ORDERED AND ADJUDGED that:

1.	Under section 39.507(5), Florida Statutes, the Court hereby withholds adjudication of dependency of the minor child(ren). The child(ren) shall be .....returned/continued..... in (child(ren)'s home) under the supervision of the department. If this court later finds that the parents have not complied with the conditions of supervision imposed, the court may, after a hearing to establish the noncompliance, but without further evidence of the state of dependency, enter an order of adjudication.

2.	This court shall retain jurisdiction over this cause to enter any such further orders that may be deemed necessary for the best interest and welfare of the minor child(ren).

3.	All prior orders not inconsistent with the present order shall remain in full force and effect.

4.	Disposition is scheduled for .....(date)....., at ..... a.m./p.m.

DONE AND ORDERED on .....date......

_____
Circuit Judge

## NOTICE OF HEARING

**The Juvenile Court hereby gives notice of hearing in the above styled cause on .....(date)..... at .......... a.m./p.m., before .....(judge)....., at .....(location)....., or as soon thereafter as counsel can be heard.**

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, and telephone number)..... at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**PLEASE BE GOVERNED ACCORDINGLY.**

Copies furnished to:

**FORM 8.983.     ORDER INVOLUNTARILY TERMINATING PARENTAL RIGHTS**

ORDER INVOLUNTARILY TERMINATING PARENTAL RIGHTS

THIS CAUSE came before this court on .....(all dates of the adjudicatory hearing)..... for an adjudicatory hearing on the Petition for Termination of Parental Rights filed by .....(name) ...... Present before the court were:

.....     .....(Name)....., Petitioner
.....     .....(Name)....., Attorney for the petitioner
.....     .....(Name)....., Attorney for the department
.....     .....(Name)....., Department caseworker
.....     .....(Name)....., Child
.....     .....(Name)....., Attorney for Child
.....     .....(Name)....., Mother
.....     .....(Name)....., Attorney for mother
.....     .....(Name)....., Father of .....(child).....
.....     .....(Name)....., Attorney for father
.....     .....(Name)....., Guardian ad litem
.....     .....(Name)....., Attorney for guardian ad litem
.....     .....(Name)....., Legal custodian
.....     .....(Name)....., Attorney for legal custodian
.....     .....(Name)....., Other: ..........

COMMENT: The name of the guardian ad litem and the attorney ad litem, if appointed, must be listed on the order, even if he or she was not present at the hearing.

The court has carefully considered and weighed the testimony of all witnesses. The court has received and reviewed all exhibits.

COMMENT: Add the following only if necessary.

The petitioner has sought termination of the parental rights of .....(parent(s)) who is/are subject of petition)......

The court finds that the parent(s), .....(name(s))....., has/have .....(list grounds proved)....., under chapter 39, Florida Statutes. The grounds were proved by clear and convincing evidence. Further, the court finds that termination of parental rights of the parent(s), .....(name(s))....., is clearly in the manifest best interests of the child(ren). The findings of fact and conclusions of law supporting this decision are as follows:

1.     At all stages of these proceedings the parent(s) was/were advised of his/her/their right to legal counsel, or was/were in fact represented by counsel.

- 55 -

2.     On or about .....(date(s))....., the following occurred: .....(acts which were basis for dependency or TPR, if filed directly)......

3.     The mother has .....(grounds for TPR)..... the minor child(ren) within the meaning and intent of section 39.806, Florida Statutes, in that: .....(findings that form the statutory basis for grounds)......

4.     The father has .....(grounds for TPR)..... the minor child(ren) within the meaning and intent of section 39.806, Florida Statutes, in that: .....(findings that form the statutory basis for grounds)......

5.     The minor child(ren) to whom .....(parent's(s') name(s))..... parental rights are being terminated are at substantial risk of significant harm. Termination of parental rights is the least restrictive means to protect the child(ren) from harm.

6.     Under the provisions of sections 39.810(1)–(11), Florida Statutes, it is in the manifest best interests of the child(ren) for parental rights of .....(name(s))..... to be terminated for the reasons below. The court has considered all relevant factors and finds as follows:

(a)     Regarding any suitable permanent custody arrangement with a relative of the child(ren), the court finds ...........

(b)     Regarding the ability and disposition of the parent or parents to provide the child(ren) with food, clothing, medical care, or other remedial care recognized and permitted under state law instead of medical care, and other material needs of the child(ren), the court finds ...........

(c)     Regarding the capacity of the parent or parents to care for the child(ren) to the extent that the child(ren)'s safety, well-being, and physical, mental, and emotional health will not be endangered upon the child(ren)'s return home, the court finds ...........

(d)     Regarding the present mental and physical health needs of the child(ren) and such future needs of the child(ren) to the extent that such future needs can be ascertained based on the present condition of the child(ren), the court finds ...........

(e)     Regarding the love, affection, and other emotional ties existing between the child(ren) and the child(ren)'s parent or parents, siblings, and other relatives, and the degree of harm to the child(ren) that would arise from the termination of parental rights and duties, the court finds ...........

(f)     Regarding the likelihood of an older child remaining in long-term foster care upon termination of parental rights, due to emotional or behavioral problems or any special needs of the child(ren), the court finds ...........

(g)     Regarding the child(ren)'s ability to form a significant relationship with a parental substitute and the likelihood that the child(ren) will enter into a more stable and

permanent family relationship as a result of permanent termination of parental rights and duties, the court finds ...........

        (h)     Regarding the length of time that the child(ren) has lived in a stable, satisfactory environment and the desirability of maintaining continuity, the court finds ...........

        (i)     Regarding the depth of the relationship existing between the child(ren) and present custodian, the court finds ...........

        (j)     Regarding the reasonable preferences and wishes of the child(ren), if the court deems the child(ren) to be of sufficient intelligence, understanding, and experience to express a preference, the court finds ...........

        (k)     Regarding the recommendations for the child(ren) provided by the child(ren)'s guardian ad litem or the legal representative, the court finds ...........

        (*l*)     Regarding other relevant factors including .........., the court finds ...........

COMMENT: Add items 7, 8, and 9 as applicable.

7.     Under section 39.811(6)(..........), Florida Statutes, the court terminates the parental rights of only .....(parent whose rights are being terminated)..... as to the minor child(ren), .....(child(ren)'s name(s))...... Specifically, the court finds that .....(specific findings of fact under section 39.811(6), Florida Statutes)......

8.     Under sections 39.509(5) and 39.811(7)(a), Florida Statutes, the court finds that continued grandparental visitation is not in the best interests of the child(ren) or that such visitation would interfere with the permanency goals for the child(ren) for the following reasons ...........

9.     Under section 39.811(7)(b), Florida Statutes, the court finds that although parental rights are being terminated, the best interests of .....(names of child(ren) to which this provision applies)..... support continued communication or contact by .....(names of parents, siblings, or relatives of the parent whose rights are terminated and to which this provision applies)..... except as provided above. The nature and frequency of the communication or contact shall be as follows ........... It may be reviewed on motion of any party or an identified prospective adoptive parent.

THEREFORE, after weighing the credibility of the witnesses, weighing all statutory factors, and based on the findings of fact and conclusions of law above, the court hereby ORDERS AND ADJUDGES THAT:

1.     The petition filed by .....(name)..... is granted as to the parent(s), .....(name(s))......

2.     The parental rights of the father, .....(name)....., and of the mother, .....(name)....., to the child, .....(name)....., are hereby terminated under section 39.806(..........), Florida Statutes.

COMMENT: Repeat the above for each child and parent, as necessary.

3.        Under sections 39.811(2) and (5), Florida Statutes, the child(ren), .....(name(s)) ....., are placed in the custody of .....(agency)..... for the purpose of subsequent adoption.

4.        The 30-day permanency plan required by section 39.811(8), Florida Statutes, shall be filed and heard at .....(time)..... on .....(date)..... in .....(location)......

DONE AND ORDERED on .....(date)....., in .....(city and county)....., Florida.

_____
Circuit Judge

**NOTICE**

**Under section 39.815, Florida Statutes, any child, any parent, guardian ad litem, or legal custodian of any child, any other party to the proceeding who is affected by an order of the court, or the department may appeal to the appropriate District Court of Appeal within the time and in the manner prescribed by the Florida Rules of Appellate Procedure, which is 30 days from the date this order is rendered (signed and filed). A parent may have the right to a court-appointed attorney as provided by law.**

**Under Florida Rule of Juvenile Procedure 8.530, a parent, who had an attorney in the termination of parental rights proceeding, shall have 20 days after this order terminating parental rights is entered to file a motion in the trial court claiming ineffective assistance of counsel. A parent does not have the right to a court-appointed attorney to assist the parent with a motion claiming ineffective assistance of counsel, but the parent may independently obtain an attorney to represent the parent in the motion. The motion must contain the case name, case number, and identify the date the written order terminating parental rights was entered. The motion must also contain the current mailing address and e-mail address, if any, and the phone number(s) of the parent filing the motion for the purpose of receiving notices and orders. In the motion, the parent must identify specific acts or omissions in the attorney's representation of the parent during the termination proceedings that the parent claims constituted a failure to provide reasonable, professional assistance, and the parent must explain how the errors or omissions prejudiced the parent's case to such an extent that but for counsel's deficient performance the rights of the parent would not have been terminated.**

Copies to:

**FORM 8.984.          ORDER TERMINATING PARENTAL RIGHTS (VOLUNTARY)**

ORDER TERMINATING PARENTAL RIGHTS (VOLUNTARY)


THIS CAUSE came before this court on .....(all dates of the adjudicatory hearing)..... for an adjudicatory hearing on the petition for termination of parental rights filed by .....(name)...... Present before the court were:

| | |
|---|---|
| ..... | .....(Name)....., Petitioner |
| ..... | .....(Name)....., Attorney for the petitioner |
| ..... | .....(Name)....., Attorney for the department |
| ..... | .....(Name)....., Department/agency caseworker |
| ..... | .....(Name)....., Child |
| ..... | .....(Name)....., Attorney/Attorney ad litem for Child |
| ..... | .....(Name)....., Mother |
| ..... | .....(Name)....., Attorney for mother |
| ..... | .....(Name)....., Father of .....(child)..... |
| ..... | .....(Name)....., Attorney for father |
| ..... | .....(Name)....., Guardian ad litem |
| ..... | .....(Name)....., Attorney for guardian ad litem |
| ..... | .....(Name)....., Legal custodian |
| ..... | .....(Name)....., Attorney for legal custodian |
| ..... | .....(Name)....., Other: .......... |

COMMENT: The name of the guardian ad litem and the attorney ad litem, if appointed, must be listed on the order, even if he or she was not present at the hearing.

.....     The mother, .....(name)....., executed a voluntary surrender of her parental rights for the minor child(ren), .....(name(s))....., which is accepted by the court without objection.

COMMENT: Repeat the following as necessary.

.....     The father, .....(name)....., executed a voluntary surrender of his parental rights for the minor child(ren), .....(name(s))....., which is accepted by the court without objection.

The court has carefully considered the testimony of witnesses, reviewed the exhibits, reviewed the file, heard argument of counsel, and considered recommendations and arguments of all parties. The court finds by clear and convincing evidence that the parents, .....(names)....., have surrendered their parental rights to the minor child(ren) under section 39.806(1)(a), Florida Statutes, and that termination of parental rights is in the manifest best interests of the child(ren). The specific facts and findings supporting this decision are as follows:

1.     That the mother, .....(name)....., ..... was ..... was not personally served with the summons and the petition.

COMMENT: Service is not required if surrender was signed before filing of petition.

2.　　　That the father, .....(name)....., ..... was ..... was not personally served with the summons and the petition.

COMMENT: Service is not required if surrender was signed before filing of petition.

3.　　　That the parents were advised of their right to counsel in all prior dependency court proceedings which they attended. The mother has been represented by legal counsel, .....(name)....., starting on or about .....(date)..... The father has been represented by legal counsel, .....(name)....., starting on or about .....(date)......

4.　　　The mother, .....(name)....., freely, knowingly, voluntarily, and ..... with ..... without advice of legal counsel executed an affidavit and acknowledgment of surrender, consent, and waiver of notice on .....(date)....., for termination of her parental rights to the minor child(ren), under section 39.806(1)(a), Florida Statutes.

5.　　　The father, .....(name)....., freely, knowingly, voluntarily, and .....with ..... without advice of legal counsel executed an affidavit and acknowledgment of surrender, consent, and waiver of notice on .....(date)....., for termination of his parental rights to the minor child(ren), under section 39.806(1)(a), Florida Statutes.

6.　　　That at all times relevant to this action the interests of this/these child(ren) has/have been represented by a guardian ad litem. The guardian ad litem, .....(name)....., ..... agrees ..... does not agree that it is in the best interests of the child(ren) for parental rights to be terminated in this cause.

COMMENT: Guardian ad litem not required in voluntary surrender.

7.　　　Under the provisions of sections 39.810(1)–(11), Florida Statutes, it is in the manifest best interests of the child(ren) for parental rights to be terminated for the following reasons:

(a)　　　Regarding any suitable permanency custody arrangement with a relative of the child(ren), the court finds ...........

(b)　　　Regarding the ability and disposition of the parent or parents to provide the child(ren) with food, clothing, medical care or other remedial care recognized and permitted under state law instead of medical care, and other materials needs of the child(ren), the court finds ...........

(c)　　　Regarding the capacity of the parent or parents to care for the child(ren) to the extent that the child(ren)'s safety, well-being, and physical, mental, and emotional health will not be endangered upon the child(ren)'s return home, the court finds ...........

(d)　　　Regarding the present mental and physical health needs of the child(ren) and such future needs of the child(ren) to the extent that such future needs can be ascertained based on the present condition of the child(ren), the court finds ...........

(e)     Regarding the love, affection, and other emotional ties existing between the child(ren) and the child(ren)'s parent or parents, siblings, and other relatives, and the degree of harm to the child(ren) that would arise from the termination of parental rights and duties, the court finds ...........

(f)     Regarding the likelihood of an older child remaining in long-term foster care upon termination of parental rights, due to emotional or behavioral problems or any special needs of the child(ren), the court finds ...........

(g)     Regarding the child(ren)'s ability to form a significant relationship with a parental substitute and the likelihood that the child(ren) will enter into a more stable and permanent family relationship as a result of permanent termination of parental rights and duties, the court finds ...........

(h)     Regarding the length of time that the child(ren) has lived in a stable, satisfactory environment and the desirability of maintaining continuity, the court finds ...........

(i)     Regarding the depth of the relationship existing between the child(ren) and present custodian, the court finds ...........

(j)     Regarding the reasonable preferences and wishes of the child(ren), if the court deems the child(ren) to be of sufficient intelligence, understanding, and experience to express a preference, the court finds ...........

(k)     Regarding the recommendations for the child(ren) provided by the child(ren)'s guardian ad litem or the legal representative, the court finds ...........

(*l*) Regarding other relevant factors including .........., the court finds ...........

THEREFORE, it is ORDERED AND ADJUDGED that:

1.     The petition for termination of parental rights is GRANTED.

2.     The parental rights of the father, .....(name)....., and of the mother, .....(name)....., to the child(ren), .....(name(s))....., are hereby terminated under section 39.806(..........), Florida Statutes.

COMMENT: Repeat the above for each child and parent on petition.

3.     The child(ren), .....(name(s))....., is/are hereby placed in the permanent care and custody of .....(agency name)..... for subsequent adoption.

4.     A hearing for the department to provide a plan for permanency for the child(ren) shall be held on .....(date)....., within 30 days of rendering of order, at .....(time)......

DONE AND ORDERED on .....(date)....., in .......... County, Florida.

_____
Circuit Judge

Copies to:

**NOTICE**

**Under section 39.815, Florida Statutes, any child, any parent, guardian ad litem, or legal custodian of any child, any other party to the proceeding who is affected by an order of the court, or the department may appeal to the appropriate District Court of Appeal within the time and in the manner prescribed by the Florida Rules of Appellate Procedure, which is 30 days from the date this order is rendered (signed and filed). A parent may have the right to a court-appointed attorney as provided by law.**

**Under Florida Rule of Juvenile Procedure 8.530, a parent, who had an attorney in the termination of parental rights proceeding, shall have 20 days after this order terminating parental rights is entered to file a motion in the trial court claiming ineffective assistance of counsel. A parent does not have the right to a court-appointed attorney to assist the parent with a motion claiming ineffective assistance of counsel, but the parent may independently obtain an attorney to represent the parent in the motion. The motion must contain the case name, case number, and identify the date the written order terminating parental rights was entered. The motion must also contain the current mailing address and e-mail address, if any, and the phone number(s) of the parent filing the motion for the purpose of receiving notices and orders. In the motion, the parent must identify specific acts or omissions in the attorney's representation of the parent during the termination proceedings that the parent claims constituted a failure to provide reasonable, professional assistance, and the parent must explain how the errors or omissions prejudiced the parent's case to such an extent that but for counsel's deficient performance the rights of the parent would not have been terminated.**